Ms. Stacey Witherell, Human Resources City of Little Rock 500 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain documents that have been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You state that a request has been presented for certain records pertaining to assessment examinations and exercises that were conducted for the rank of assistant chief of the Little Rock Police Department. More specifically, the request asked for the following: "Any and all documents, video tapes, audio tapes or any other physical records regarding, reflecting or pertaining to or from which could determined the following:
1. test questions and/or exercise
2. anything reflecting the candidates' answers or responses, including handwritten notes or notations
3. anything reflecting the assessors' evaluations and/or rankings of candidates, including handwritten notes or notations."
In addition, the request asked for the same records as those listed above, pertaining to "all promotional exams given to Little Rock Police Department officers for any rank from 1995 to 2000[.]"
You indicate that, as custodian of the records, you have determined that the records that would be responsive to Categories 1 and 2 above should not be released, and that the records that would be responsive to Category 3 above should be released with the candidates' names or any other personal identifiers redacted.
I am directed by law to issue my opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). In this regard, I note that you have not provided me with copies of the requested records. I therefore cannot opine definitively concerning the releasability of any particular record. Nevertheless, on the basis of the governing principles of law, as applied to the records as you have described them, I conclude that your determination concerning the releasability of these records appears to be consistent with the FOIA.
You state that the records that would be responsive to Categories 1 and 2 above not only contain information about certain assessment examinations and exercises, but also necessarily contain information from which the identities of individual employees who took the examinations or exercises could be determined. This information would reveal these employees' performance on these examinations and exercises. If this is a correct factual description of these records, you are correct that they should not be released. In Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), the Arkansas Supreme Court held that it was appropriate not to release records (including records similar to those requested, such as video tapes) reflecting specific employees' performance on assessment examinations, because the information contained in these records could subject the employees to embarrassment and possibly threaten their future employment, thus resulting in a clearly unwarranted invasion of the employees' personal privacy, in violation of the FOIA. Young involved a request for records in which the employees' identities would be reflected.
As you have described them, the records that would be responsive to Categories 1 and 2 above appear to fall squarely within the holding ofYoung, if you are correct that the employees' identities could be determined from the records. Even if the employees' names were redacted from the records, the release of these records would be tantamount to releasing their names. I have previously taken this position with regard to the release of records from which individuals' test scores could be determined. See, e.g., Op. Att'y Gen. No. 2000-119. The reasoning behind this position has been explained as follows:
 [T]he public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties. By the same token, the public has an interest in knowing which public employees have received specialized training. The public's interest in public employees' training and performance does not, however, extend to the actual performance by each individual public employee unless a particular employee fails to perform his or her duties properly. The public's interest is even further diminished when the performance in question took place in a training context, rather than in the context of the performance of actual duties. Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter.
Op. Att'y Gen. No. 97-033 at 4.
I therefore conclude that if your description of the records that would be responsive to Categories 1 and 2 above is accurate, you are correct that these records should not be released.
You indicate that with regard to the records that would be responsive to Category 3 above, the employees' names and other personal identifiers can be successfully redacted from these records. If this is a correct factual description of these records, and if, indeed, the employees' identities cannot be determined from the rankings lists and other information that is released, I would conclude that you are correct that these records should be released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh